**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER (GDC No. 901373), Petitioner, | : | HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : | |
| NEIL WARREN, Sheriff, Respondent. | : | CIVIL ACTION NO. 1:11-CV-1711-RWS-ECS |

| | | |
|---|---|---|
| WASEEM DAKER (GDC No. 901373), Petitioner, | : | HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : | |
| NEIL WARREN, Sheriff, Respondent. | : | CIVIL ACTION NO. 1:11-CV-3580-RWS-ECS |

| | | |
|---|---|---|
| WASEEM DAKER (GDC No. 901373), Petitioner, | : | HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : | |
| NEIL WARREN, Sheriff, Respondent. | : | CIVIL ACTION NO. 1:12-CV-1141-RWS-ECS |

| | | |
|---|---|---|
| WASEEM DAKER (GDC No. 901373), Petitioner, | : | HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : | |
| UNNAMED RESPONDENT, Respondent. | : | CIVIL ACTION NO. 1:12-CV-1319-RWS-ECS |

| | | |
|---|---|---|
| WASEEM DAKER (GDC No. 901373), Petitioner, | : | HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : | |
| NEIL WARREN, Sheriff, Respondent. | : | CIVIL ACTION NO. 1:12-CV-2605-RWS-ECS |

AO 72A
(Rev.8/82)

**FINAL REPORT AND RECOMMENDATION**

Proceeding pro se, Waseem Daker has filed more than 48 cases and appeals in federal court during his past and present periods of incarceration. See www.pacer.gov (searched for "Daker, Waseem"; last viewed October 24, 2012). In each of the five cases listed in the caption Daker filed a habeas corpus petition under 28 U.S.C. § 2241 challenging his pretrial detention in the Cobb County Jail while he awaited trial in the Superior court of Cobb County for malice murder and other charges ("Criminal Case"). The Atlanta Journal-Constitution recently reported that Daker was convicted in the Criminal Case on September 27, 2012, and sentenced on October 1, 2012. See http://www.ajc.com/news/news/crime-law/daker-sentenced-to-life-plus-47-years-in-flight-at/nSQpj/ (last viewed Oct. 30, 2012). And Daker has recently confirmed that he is now an inmate in the Georgia State prison system. See, e.g., Civil Action No. 1:11-CV-1711 [Doc. 27].

Because Daker is no longer in pretrial detention but is instead incarcerated pursuant to the judgment of a state court, any habeas challenge that he may wish to bring is now subject not only to the provisions of § 2241, but also the more restrictive provisions of 28 U.S.C. § 2254. See Medberry v. Crosby, 351 F.3d 1049, 1059-63 (11th Cir. 2003). Among other things, § 2254 generally requires that a state prisoner first exhaust all of his

state remedies with respect to his state conviction and sentence, including state habeas proceedings, before seeking relief in federal court. See 28 U.S.C. § 2254(b)(1)(A); see also O.C.G.A. § 9-14-40 et seq. A habeas case that is filed in federal court before the threshold exhaustion requirement is met is subject to summary dismissal.

In light of Daker's recent reported conviction and sentence in the Criminal Case and incarceration in State prison, the undersigned ordered Daker on October 9, 2012, to submit a written response within fourteen days that, among other things, would show cause why each of the grounds for relief he raised in his § 2241 petitions should not be dismissed as moot and/or unexhausted. The undersigned advised Daker that failure to comply fully with the terms of the Order could result in the dismissal of these cases. See LR 41.3A(2), NDGa. Through October 30, 2012, Daker has not responded directly or fully to the October 9, 2012, Order, nor has he shown cause why his § 2241 petitions should not now be dismissed.

Instead of responding directly and fully to the October 9 Order, Daker filed a "Motion for Copy of Any Orders or Reports or Recommendations Filed, and to Extend Time to Comply, Reply, or Object Thereto." See [1:11-CV-1711 Doc. No. 27; 1:11-CV-3580 Doc. No. 21; 1:12-CV-1141 Doc. No. 12; 1:12-CV-1319 Doc. No. 8; 1:12-CV-



AO 72A
(Rev.8/82)

2605 Doc. No. 7]. In that motion, Daker demands that he be sent another copy of the Court's October 9 Order and granted at least an additional month to "comply, reply, or object thereto." Daker contends that he is entitled to relief because the Court mailed its October 9 Order to his address at the Cobb County Jail rather than to his new address at the state prison, even though he himself had failed to update his address with the Court until after the order was issued. For the reasons set forth below, that motion is **DENIED.**

Daker is well aware that he has an obligation in each case he litigates in this Court to update his address promptly when it changes so that his cases are not delayed or adversely affected by misdirected mail. Not only is that obligation spelled out clearly in two places in this Court's Local Rules, see LR 41.3A & 83.1D(3), NDGa., but it has also been highlighted for Daker's benefit in multiple orders in other cases that he has filed over the past decade, see, e.g., Daker v. Warren, No. 1:10-CV-2084-RWS (N.D. Ga. July 30, 2010) [Doc. No. 3 at 2]; Daker v. Barrett, No. 1:06-CV-55-RWS (N.D. Ga. Jan. 6, 2006)[Doc. No. 3 at 2]; Daker v. Ferrero, No. 1:03-CV-2481-RWS (N.D. Ga. Sept. 23, 2003) [Doc. No. 5 at 2].

Nevertheless, Daker did not date and mail a change of address to the Court until October 10, 2012, even though he acknowledges having been transferred on October 3. That one-week delay led this



AO 72A
(Rev.8/82)

Court to send the October 9, 2012, Order to Daker's Cobb County address and not the new prison address that Daker now contends the Court should have used. If, in fact, Daker did not receive a copy of this Court's October 9, 2012, Order, the sole cause of that circumstance was Daker's own failure to update his address with the Court promptly.

In any event, because this Final Report and Recommendation is subject to a fourteen-day period within which Daker may file any objections and provide the District judge with any response he would have made, Daker will have had, as a practical matter, at least thirty-five days since the October 9 Order was issued to submit a filing showing cause why his § 2241 petitions should not be dismissed. No prejudice will therefore result from denying Daker additional time to respond to the show cause order.

Accordingly, the undersigned **RECOMMENDS** that Daker's petitions in each of the cases listed in the caption be **DISMISSED WITHOUT PREJUDICE** and that a certificate of appealability be **DENIED**. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000). Daker's other pending motions – to expedite some proceedings, to stay other proceedings, to expand the record, to obtain (or to obtain reconsideration of) an in forma pauperis order, and to recuse the undersigned and the Honorable Richard W. Story – are **DENIED**. See [1:12-CV-1141 Doc. Nos. 2, 3, 4, 7, 9;



AO 72A
(Rev.8/82)

1:12-CV-1319 Doc. Nos. 3, 5, 6; 1:12-CV-2605 Doc. Nos. 2, 3, 4, 5]. See generally Georgia v. Daker, No. 12-12519-C, at 2-5 (11th Cir. Oct. 9, 2012) (detailing why Daker's substantially identical arguments in a related case do not warrant recusal) (available through www.pacer.gov).

The Clerk is **DIRECTED** to terminate the referral to the undersigned of the five cases listed in the caption.

**SO RECOMMENDED, ORDERED AND DIRECTED**, this 31st day of October, 2012.

***S/ E. Clayton Scofield III***
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)